IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL JOSEPH FRERICKS, II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-57-S-BN |
| | § | |
| ROCKWALL COUNTY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Without paying the filing fee, Plaintiff Michael Joseph Frericks filed this *pro se* lawsuit alleging claims under 42 U.S.C. § 1983 in the Eastern District of Texas. *See* Dkt. No. 1. After the case was transferred to this district, the presiding United States district judge referred Frericks's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The claims in this action relate to the same criminal prosecution and surrounding events as another case filed in this Court. *See Frericks v. Rockwall County*, No. 3:25-cv-2148-S-BN (filed Aug. 11, 2025). That case was filed in this Court the day after this case was filed in the Eastern District of Texas and involves many of the same defendants. That case was dismissed with prejudice on October 8, 2025, and is currently on appeal. *See id.* at Dkt. Nos. 20, 47, 48, 49, 50; *see also Frericks v. Rockwall County*, No. 25-11152.

And the undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should dismiss the complaint with prejudice.

## Legal Standards

A district court is required to screen a civil complaint filed *in forma pauperis* (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while

- 2 -

the period for filing objections affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

And, if the party invoking federal jurisdiction fails to establish it, the lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

As to dismissal for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and

directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

Frericks's complaint asserts claims under 42 U.S.C. § 1983 against Rockwall County, Rockwall County District Attorney Kenda Culpepper, Judge David Rakow of the 439th District Court for Rockwall County, and Rockwall County Sheriff Terry Garret. *See* Dkt. No. 1 at 2-3. And Frericks alleges that he brings claims against the individual defendants in their official capacities. *See id.*

Where a plaintiff brings claims against both a public official, such as a law enforcement officer, in his official capacity and the public entity for which he works, the claims "essentially merge." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000). The Court may then dismiss the claims against the public official as duplicative. *See Flores v. Cameron Cnty.*, 92 F.3d 258, 261 (5th Cir. 1996) (where the district court had dismissed claims against county commissioners in their official capacities "because those claims were duplicative of the claims against the County"); *see also Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 832 (S.D. Tex. 2011) ("The Fifth Circuit has held that it is appropriate to dismiss claims against officers in their official capacities when the 'allegations duplicate claims against the

respective governmental entities themselves.'" (quoting *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001))).

Because Frericks has sued Rockwall County, his official capacity claims against District Attorney Culpepper, Judge Rakow, and Sheriff Garret are duplicative and should be dismissed with prejudice.

And, even if he had filed claims against them in their individual capacities, the claims should still be dismissed.

As to District Attorney Culpepper, a prosecutor is entitled to absolute immunity "for actions 'initiating a prosecution and … presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" *Esteves v. Brock*, 106 F.3d 674 (5th Cir. 1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). This immunity "shelters prosecutors even when they act 'maliciously, wantonly or negligently.'" *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (quoting *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)).

Although a prosecutor is entitled only to qualified immunity for certain administrative activities, *see Van de Camp v. Goldstein*, 555 U.S. 335, 343 (2009), there are no specific allegations in the amended complaint against District Attorney Culpepper. So any individual capacity claims against her are barred by prosecutorial immunity.

With respect to the claims against Judge Rakow, "a judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). "Judicial

immunity is an immunity from suit, not just the ultimate assessment of damages."
*Id.* (citing *Mireles*, 502 U.S. at 11 (citing, in turn, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))).

> There are only two circumstances under which judicial immunity may be overcome. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.*

*Id.*; *see also Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) ("Court [employees] 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981))).

And the complaint does not plausibly allege any circumstance overcoming judicial immunity. So any individual capacity claims against Judge Rakow are barred by judicial immunity.

And there are also no specific allegations against Sheriff Garret. To the extent that Frericks has sued him as the supervisor of employees of the Rockwall County Sheriff's Department, "[u]nder § 1983, officials are not vicariously liable for the conduct of those under their supervision. Supervisory officials are accountable for their own acts of deliberate indifference and for implementing unconstitutional policies that causally result in injury to the plaintiff." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (per curiam) (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)).

So Frericks has not alleged a plausible claim against Sheriff Garret, and any

individual capacity claims against him should be dismissed with prejudice.

Finally, as to Rockwall County, Frericks has not alleged a claim for municipal liability under *Monell*. A county "cannot be held liable under § 1983 unless 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Martinez v. Nueces Cnty.*, 71 F.4th 385, 389 (5th Cir. 2023) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). A plaintiff may proceed on a *Monell* claim only by

> identify[ing] "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson v. Dall. Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021); *see also Brown v. Tarrant Cnty.*, 985 F.3d 489, 497 & n.11 (5th Cir. 2021) (noting that where a plaintiff's claim fails as to one prong, a court "need not consider whether [his] claim also fails the other two *Monell* prongs" (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010))).

Frericks complaint is difficult to comprehend but appears to allege claims relating to denial of motions for self-representation, complaints about the availability of court-appointed counsel, and *Brady* violations by his court-appointed counsel. *See* Dkt. No. 1-2 at 1. But Frericks does not allege any official policy or custom of Rockwall County or any policy maker of Rockwall County with actual or constructive

knowledge of an official policy or custom that is the moving force behind his alleged constitutional violations.

So the claims against Rockwall County should be dismissed with prejudice.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Frericks has already pursued many of these claims in another case currently on appeal. And in both cases, he has failed to state a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Frericks could allege cogent and viable legal claims. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### Recommendation

The Court should dismiss the complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 2, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE